UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Lorenzo Antunes-Vargas**  Plaintiff,  v.  **Chan & Yan, Inc.** d/b/a China Express  a Virginia limited liability company  Serve: Fu Long Yan, Registered Agent  8522 Lewinsville Road  McLean, VA 22102  and **Fu Long Yan**  Defendants | JURY TRIAL DEMANDED  Case No.: **1:20-cv-759** |

# COMPLAINT

### Preliminary Statement

1. Plaintiff Lorenzo Antunes-Vargas brings this suit against his former employers: Chan & Yan, Inc. d/b/a China Express and its president, Fu Long Yan.

2. Mr. Antunes-Vargas's claim arises from Defendants' failure to pay the overtime wages due to him under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219.

### Jurisdiction and Venue

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (private right of action).

4. This Court has personal jurisdiction over Defendant Chan & Yan, Inc. because (1) the company's principal place of business and registered office are located in Virginia; and (2) as Mr. Antunes-Vargas's joint employer, the company's acts and omissions in Virginia gave rise to the wage violations that form the basis of this complaint.

5. This Court has personal jurisdiction over Defendant Fu Long Yan because (1) he is the President of Chan & Yan, Inc. and was present at the restaurant in Virginia almost every day for the duration of Plaintiff's employment there; and (2) as Plaintiff's joint employer, his acts and omissions in Virginia gave rise to the wage violations that form the basis of this complaint.

6. Venue is proper in the Eastern District of Virginia because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Fairfax County. *See* 28 U.S.C. § 1391(b)(2); 28 U.S.C. § 127(a).

## PARTIES

7. Plaintiff Lorenzo Antunes-Vargas is an adult resident of Virginia.

8. Defendant Chan & Yan, Inc. is a Virginia corporation located in Fairfax County, Virginia, doing business under the name "China Express." It is a restaurant specializing in Chinese food.

9. The restaurant is located at 8455-M Tyco Road, Vienna, VA 22182. Its registered office is located at 8522 Lewinsville Road, McLean, VA 22102.

10. On information and belief, the gross annual business volume of China Express exceeded $500,000 at all relevant times.

11. On information and belief, China Express employed about nine employees at all relevant times.

12. On information and belief, at all relevant times, China Express had at least two employees who handled goods that had been moved in interstate commerce.

13. Defendant Fu Long Yan is the president of China Express as well as its registered agent. On information and belief, he is a resident of Maryland.

**FACTS**

**Mr. Antunes-Vargas's Employment**

14. Mr. Antunes-Vargas worked at China Express from about November 2014 to about March 26, 2020. He did not hold any other jobs during this time.

15. Mr. Antunes-Vargas worked as a cook; his duties included preparing meat, chicken, dumplings, and other types of food for sale by China Express.

16. Mr. Antunes-Vargas did not supervise or otherwise oversee the work of any other employees of China Express.

17. Defendants provided all of the materials Mr. Antunes-Vargas needed for his job.

18. Throughout his employment, Mr. Antunes-Vargas worked from 10:00 AM to 10:00 PM Monday through Friday and from 4:00 PM to 10:00 PM on Sundays, for a total of 66 hours per week. He did not receive any breaks, not even for lunch.

19. Mr. Antunes-Vargas was paid the same amount per month regardless of the length of the month.

20. When Mr. Antunes-Vargas first started working for Defendants in November of 2014, he was paid $2,500 per month.

21. Starting around January 2017, Mr. Antunes-Vargas began making $3,000 per month.

22. Starting around January 2020, Mr. Antunes-Vargas began making $3,100 per month.

23. Mr. Antunes-Vargas was generally paid twice per month; each month, he received part of his wages by check and the rest in cash.

24. If Mr. Antunes-Vargas ever had to miss a full day or partial of work, Defendants would dock his pay by about $15 per hour.

25. At no time during Mr. Antunes-Vargas's employment was he paid one and one-half times the regular rate at which he was employed for the hours he worked beyond forty in any workweek, despite the fact that Mr. Antunes-Vargas's typical workweek included 26 hours of overtime.

26. On information and belief, Defendants made no effort to pay Mr. Antunes-Vargas one and one-half times the regular rate at which he was employed for the hours he worked beyond forty in a workweek, even though he was plainly and obviously working overtime, suggesting a willful disregard of the law.

### Defendant Yan's Involvement

27. Defendant Yan is the president and a co-manager of China Express, as well as its registered agent. Throughout Mr. Antunes-Vargas's employment, Defendant Yan controlled the day-to-day operations of China Express, in concert with two other people: vice-president Wendy Chan and another person whose name Plaintiff does not know.

28. For about the first week of Mr. Antunes-Vargas's work, Defendant Yan supervised Mr. Antunes-Vargas. After about a week, Mr. Antunes-Vargas became proficient in his duties and did not require direct supervision.

29. Defendant Yan was present at China Express almost every day that Mr. Antunes-Vargas was.

30. Each day, Defendant Yan would move throughout the restaurant to supervise its operation. This included regularly checking in on Mr. Antunes-Vargas and the rest of the workers in the kitchen to make sure that things were running smoothly. Defendant Yan also sometimes worked the restaurant's cash register.

31. Defendant Yan hired Mr. Antunes-Vargas.

32. Defendant Yan set Mr. Antunes-Vargas's work schedule.

33. Defendant Yan set Mr. Antunes-Vargas's pay rate.

34. Defendant Yan set Mr. Antunes-Vargas's method of payment and personally paid Mr. Antunes-Vargas.

### End of Mr. Antunes-Vargas's Employment

35. Around March of 2020, Defendant Yan told Mr. Antunes-Vargas that the restaurant was closing due to the COVID-19 pandemic and that he would receive a phone call when it was time to return to work. However, he was never called back to work. When Mr. Antunes-Vargas asked a co-worker why he had not been rehired, he was told that it was because Mr. Antunes-Vargas had asked to be paid $3,300 per month and that the restaurant was not willing to pay him that much.

36. Mr. Antunes-Vargas's last day of work was approximately March 26, 2020.

37. Defendants' final salary payment to Mr. Antunes-Vargas was about $1,242.

### CLAIMS

### Fair Labor Standards Act, 29 U.S.C. §§ 201–219

38. Mr. Antunes-Vargas was Defendants' "employee" within the meaning of 29 U.S.C. § 203(e)(1) at all times relevant to this action.

39. Defendants were Mr. Antunes-Vargas's "employers" within the meaning of 29 U.S.C. § 203(d) at all times relevant to this action.

40. Defendants "employed" Mr. Antunes-Vargas within the meaning of 29 U.S.C. § 203(g) at all times relevant to this action.

41. Mr. Antunes-Vargas was employed by Defendants in an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(b) at all times relevant to this action.

42. Defendants failed to pay Mr. Antunes-Vargas one and one-half times the regular rate at which he was employed for the hours he worked beyond forty in any workweek, thereby violating 29 U.S.C. § 207(a)(1).

## REQUESTED RELIEF

Wherefore, Mr. Antunes-Vargas respectfully requests that this Court provide the following relief:

43. Declare that the Defendants' violations were "willful," such that a three-year statute of limitations applies under 29 U.S.C. § 255(a);

44. Award Mr. Antunes-Vargas his actual damages in the amount of all unpaid overtime wages, jointly and severally against both Defendants, in an amount to be proved at trial, pursuant to 29 U.S.C. § 216(b);

45. Award Mr. Antunes-Vargas additional liquidated damages in an amount equal to his actual damages, jointly and severally against both Defendants, pursuant to 29 U.S.C. § 216(b);

46. Award Mr. Antunes-Vargas his costs and reasonable attorney's fees, jointly and severally against both Defendants, pursuant to 29 U.S.C. § 216(b); and

47. Any other relief this Court deems just and proper.

      Plaintiff demands trial by jury.

Respectfully submitted,

/s/ Nicholas Cooper Marritz        Date: July 7, 2020
Nicholas Cooper Marritz (VA Bar No. 89795)
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
T: (703) 778-3450
F: (703) 778-3454
E: nicholas@justice4all.org

*Counsel for Lorenzo Antunes-Vargas*